## Abstract of the Decision.

1. MINES AND MINERALS, § 179*—*when recovery for injuries resulting from fall of coal sustained by the evidence.* In an action for personal injuries sustained by plaintiff by a quantity of coal falling upon him from the face of the coal he was undercutting, it was alleged that the falling of the coal was on account of the rib on each side of the room being so thin as to allow the coal and pillars to press out from the face of the coal when the coal was undercut. *Held* that a verdict for plaintiff was sustained by the evidence, it appearing that the plaintiff was not acquainted with the conditions surrounding the room, that he had not observed the width of the pillars and that his attention had not been called to the thinness of the pillars.

2. MINES AND MINERALS, § 152*—*when expert testimony admissible.* In an action for injury to a miner alleged to have been caused by a "squeeze" in a mine, permitting expert witnesses to testify that the pillars in the room where the injury occurred were not sufficient to support the roof, *held* not improper where the witnesses were shown to have such knowledge as would justify an opinion as to the required width of a pillar to support the roof and the effect that a thinning of a pillar would have upon the roof.

---

## Martin Hollo, Appellee, v. Wasson Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the City Court of Harrisburg; the Hon. A. E. SOMERS, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

### Statement of the Case.

Action by Martin Hollo against Wasson Coal Company to recover for personal injuries sustained by

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

plaintiff while engaged as a helper in operating a machine for undercutting coal in defendant's mine. The injury resulted from the fall of the roof of the mine. Plaintiff claimed that the roof had been loose and drumming for several days, that defendant had failed to furnish props and that the mine examiner of defendant had failed to observe the condition of the roof and mark it as required by statute. From a judgment in favor of plaintiff for $2000, defendant appeals.

M. S. WHITLEY, for appellant; MASTIN & SHERLOCK, of counsel.

GEORGE E. DODD and CLARK & HUTTON, for appellee.

MR. PRESIDING JUSTICE McBRIDE delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 176*—*when recovery for injury to miner sustained by the evidence.* In an action to recover for personal injuries sustained by a miner where it was alleged that the injury was caused by failure of defendant to furnish props and to have the roof examined and marked as required by statute, *held* that a verdict for plaintiff was sustained by the evidence.

2. MINES AND MINERALS, § 188*—*when instructions not misleading.* In an action to recover for injuries sustained by a miner alleging a wilful violation of the statute, criticism of instructions given for plaintiff that they were misleading for the reason that they in effect told the jury that the defendant had been guilty of a wilful violation of the statute, *held* not well founded.

3. APPEAL AND ERROR, § 450*—*when admission of testimony cannot be complained of.* Error in the admission of hearsay testimony cannot be complained of for the first time on appeal.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.